UNITED STATES DISTRICT COURT         EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:13-CR-241(6) |
| | § | |
| CRESENCIANO ACOSTA, JR. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Cresenciano Acosta Jr.'s ("Acosta") Motion for Judicial Notice Pursuant to Rule 201 (#334), wherein he requests that the court compel the Government to confirm or deny that Assistant United States Attorney Maureen Smith ("Smith") was appointed, and remains appointed, to her position as required by the United States Constitution. In response, the Government maintains that Smith was appointed by Attorney General Janet Reno on November 16, 1999, and that re-appointment is not required by 28 U.S.C. § 542. After considering the motion, the Government's Response, and the applicable law, the court is of the opinion that Acosta's motion should be denied.

Pursuant to statute, "[t]he Attorney General may appoint one or more assistant United States attorneys in any district when the public interest so requires." 28 U.S.C. § 542(a). Once appointed, the "assistant United States attorney is subject to removal by the Attorney General." *Id.* § 542(b). This appointment power is derived both from statute as well as the United States Constitution. *See* U.S. CONST. art. II, §2, cl. 2. Neither statute nor the United States Constitution requires re-appointment of assistant United States attorneys whenever a new attorney general assumes his or her position. *Id.*; 28 U.S.C. § 542.

Acosta's current request is thus misguided. As evidenced by the Appointment Affidavit that Acosta attached to the motion, Smith was properly appointed to her position. Acosta relies

on the fact that Janet Reno is no longer the Attorney General to support his argument. The relevant inquiry, however, is not who is serving as the current Attorney General, but rather, whether the assistant United States attorney has been removed by the Attorney General. In this situation, the court finds the determinative answer to be no. Smith was properly appointed as an assistant United States attorney on November 16, 1999, and has remained in that position since that date because she has not resigned or been removed from her position by the Attorney General. No further evidentiary hearing is required. Accordingly, Acosta's Motion for Judicial Notice Pursuant to Rule 201 (#334) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of September, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE